**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WALTER JOSE MIRANDA, # 26916-177,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-1561-L-BK** |
| | § | **(3:01-CR-229-L-1)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate,

set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States

Magistrate Judge.  For the reasons that follow, it is recommended that the section 2255 motion

be summarily dismissed as time barred.

**I. BACKGROUND**

In 2002, Petitioner pled guilty to five counts of robbery under 18 U.S.C. § 1951(a)

(counts 1, 3, 5, 11, and 15) and one count of possession of a firearm during a crime of violence

under 18 U.S.C. § 924(c)(1) (count 2), and was sentenced to 108 months' imprisonment on

counts 1, 3, 5, 11, and 15, to be served concurrently, to be followed by a consecutive sentence of

252 months on count 2.  Crim. Doc. 110 at 3.  He did not file a direct appeal.

On June 21, 2016, Petitioner filed this section 2255 motion, challenging his sentence as

unconstitutional under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), which

held that imposing an increased sentence under the residual clause of the Armed Career Criminal

Act (ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process.  Doc. 1 at

4.  Doc. 2 at 4.  Specifically, Petitioner asserts that 18 U.S.C. § 924(c) is "unconstitutionally

vague" in light of *Johnson* and, thus, the imposition of a consecutive term of imprisonment under

that statute was unconstitutional.  *Id.*; Doc. 4 at 6, 8.  Petitioner also asserts that his counsel

failed to file a direct appeal and the government violated the terms of the plea agreement.  Doc. 2

at 5-6.

Regarding the timelines of his section 2255 motion, Petitioner relies on 28 U.S.C. §

2255(f)(3) and *Johnson*, which was recently found retroactively applicable to cases on collateral

review in *United States v. Welch*, --- U.S. ---, 136 S. Ct. 1257 (2016).  Doc. 2 at 11; Doc. 4 at 1.[1]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-

year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. §

2255, which the Court may consider *sua sponte* after providing notice and opportunity to

respond.  *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006)

(addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).[2]

---

[1] Section 924(c)(1)(A) provides for certain penalties for a person "who, during and in relation to
any crime of violence..., uses or carries a firearm, or who, in furtherance of any such crime,
possesses a firearm." 18 U.S.C. § 924(c)(1)(A).  Under section 924(c)(3), a "crime of violence"
means
> an offense that is a felony and (A) has as an element the use, attempted use, or
> threatened use of physical force against the person or property of another, or (B)
> that by its nature, involves a substantial risk that physical force against the person
> or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts generally refer to the "(A)" clause of section 924(c)(3) as the
"force clause" and to the "(B)" clause of section 924(c)(3) as the "residual clause."  Section
924(c)(3)(B) is similar, but not identical, to the language of the ACCA residual clause
invalidated by the Supreme Court in *Johnson*.

[2] Here, Petitioner will have adequate notice and an opportunity to respond to the statute of
limitations ruling during the 14-day period for filing objections to the findings, conclusions and
recommendation.  *See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998)* (Magistrate
Judge's findings and recommendation provided habeas petitioner reasonable opportunity to
oppose application of the procedural default doctrine).

**A. Limitations**

1. Section 924(c)(1) and (3)

Petitioner relies on 28 U.S.C. § 2255(f)(3)[3] and *Johnson* to overcome the one-year

limitations period in section 2255(f)(1) since, otherwise, his section 2255 motion is clearly

untimely.  Over 13 years have elapsed since his conviction first became final in 2002.  *See Clay*

*v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final under section 2255(f)(1)

when the applicable period for seeking direct review of a conviction has expired).

However, Petitioner's reliance on section 2255(f)(3) and *Johnson* is misplaced.  *Johnson*

has no bearing on Petitioner's conviction or sentence since Petitioner's sentence was not

increased under the ACCA's residual clause -- the only provision that *Johnson* found to be

unconstitutional.  *See Johnson*, --- U.S. ---, 135 S. Ct. at 2563 (calling into question *only* the

residual clause of the ACCA).  Rather Petitioner was sentenced under 28 U.S.C. §

924(c)(1)(A)(i) to a consecutive 252-month imprisonment term for using and carrying a firearm

during a crime of violence.  *See* Crim. Doc. 158 at 13, Presentence Report (PSR) ¶ 71; Crim.

Doc. 158 at ---, Statement of Reasons (SOR) (reflecting the sentencing court's upward departure

from the guideline to uphold the plea agreement for an aggregate sentence of 360 months'

imprisonment pursuant to Fed. R. Crim. P. 11(e)(1)(C)[4] and U.S.S.G. §§ 5K2.0 and 5K2.21).

Moreover, even if Petitioner's sentence was enhanced under section 924(c)(3)'s residual

clause, the United States Supreme Court has not held that the residual clause of section 924(c)(3)

---

[3] Section 2255(f)(3) provides that the one-year period in which to file a section 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

[4] The provision of Fed. R. Crim. P. 11(e)(1)(C) that governed the parties' agreement that a specific sentence was the appropriate disposition of the case is now found at Fed. R. Crim. P. 11(c)(1)(C).

is also unconstitutional under its reasoning in *Johnson*.  Indeed, the United States Court of

Appeals for the Fifth Circuit recently recognized that "*Johnson* did not address section

924(c)(3)(B)" and that the disagreement among the courts of appeals as whether to grant

permission to file a successive 2255 petition based on the argument that *Johnson* applies to

section 924(c)(3)(B) "demonstrates that the Supreme Court has not taken a position on whether

*Johnson* applies to section 924(c)(3)(B)." *In re Fields*, --- F.3d ---, 2016 WL 3383460 at *1 (5th

Cir. 2016) (*per curiam*) (collecting cases and denying authorization to file a successive

application).  Thus, section 2255(f)(3), which applies only if the right is one "newly recognized

by the Supreme Court," has no application in this case.

> 2.   Remaining Claims

Petitioner also asserts counsel failed to file a direct appeal and the government violated

the terms of the plea agreement.  Doc. 2 at 5-6.  However, as previously noted, his section 2255

motion is clearly untimely under section 2255(f)(1).  Over 13 years have elapsed since his

conviction first became final in 2002.  In addition, 28 U.S.C. §§ 2255(f)(2) and (4) are

inapplicable here.  Petitioner does not appear to base his claims on a government created

impediment, and the facts supporting his remaining grounds for relief should have been known

prior to the date on which his conviction became final.

Consequently, the section 2255 motion is clearly outside the one-year statute of

limitations absent equitable tolling.

> B.   **Equitable Tolling**

Petitioner posits no facts from which the Court can find that equitable tolling applies.  *See*

*Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* --- U.S. ---, 136 S. Ct. 750, 755-756 (2016).  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted).  Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  *Id.* at 365.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** July 5, 2016.

_____

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE